United States Courts
Southern District of Texas
FILED

*7/28/2020*

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **EDWARD ROGERS** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 3:20-cv-00216** |
| | § | |
| **STANDARD ECO,** | § | |
| **AND** | § | |
| **LOANPAL, LLC** | § | |

**DEFENDANT'S, LOANPAL LLC, MOTION TO COMPEL ARBITRATION**
**AND**
<u>**MOTION TO STAY PROCEDINGS**</u>

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, LoanPal LLC, hereinafter referred to as Defendant, and files this, Defendant's, LoanPal LLC, Motion to Compel Arbitration and Motion to Stay Proceedings, and herby request the Court enter an Order directing Plaintiff, Edward Rogers to proceed to arbitration in accordance with the terms of the Loanpal Agreement dated January 17, 2017 and in support thereof would respectfully show this Court the following:

I.
Factual Allegations

1.  On January 17, 2017 LoanPal LLC and Edward Rogers, hereinafter referred to as Plaintiff, entered into a Loanpal Agreement (AGREEMENT) for the purchase and installation of solar energy system. *See Exhibit A*. Paragraph fifteen of the AGREEMENT states:

> **15. ARBITRATION AGREEMENT. All claims and disputes arising out of or relating to this Agreement (hereafter, "Dispute(s)") shall be resolved by binding arbitration on an individual basis. The arbitrator shall also decide any issues relating to the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration including unconscionability, or the validity of the jury trial, class action or representative action waivers (collectively, "arbitrability" issues). YOU HEREBY WAIVE ANY**

**CONSTITUTIONAL AND STATUTORY RIGHTS TO GO TO COURT AND HAVE A TRIAL IN FRONT OF A JURY. FURTHER, UNLESS YOU OPT OUT OF ARBITRATION, YOU ALSO AGREE TO WAIVE ANY RIGHT TO BRING OR PARTICIPATE IN A CLASS OR REPRESENTATIVE ACTION IN COURT OR IN ARBITRATION. The arbitrator shall have the authority to award any relief, including injunctive relief, which is available under applicable law. Each party shall bear the expense of its own counsel, experts, witnesses and preparation and presentation of proofs. However, the arbitrator may award you reasonable attorney's fees and costs if this is expressly authorized by applicable law. Upon request, we will pay a portion of the fees and expenses of he arbitrator and the administrative fees and expenses of the arbitration. The arbitrator shall issue a written award describing the essential findings supporting the award. All hearings in the arbitration shall take place within the federal judicial district where the Residence is located; the arbitrator's award shall be final and judgment on the arbitrator's award may be entered by the federal District Court. The arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules (the "Rules"). A copy of the JAMS Streamlined Arbitration Rules can be obtained from JAMS at https://www.jamsadr.com/rules-streamlinedarbitration or (800) 352-5267. The arbitrator shall be selected from the JAMS panel of neutrals and shall be a retired federal judge, a retired state appellate judge, or a retired state trial judge (in that order of preference). You agree that this agreement to arbitrate may be enforced by us or our affiliates, subsidiaries, or parents, and (g) each of their officers, directors, employees, and agents. This arbitration agreement is made pursuant to a transaction involving interstate commerce. The Federal Arbitration Act (9 U.S.C. §§1-16) (the "FAA") shall govern this agreement to arbitrate including all arbitrability issues. No state law respecting arbitrability issues shall govern this agreement to arbitrate. Subject to and without limiting the foregoing, federal law shall apply to all other issues that arise under federal law and applicable state law as set forth in Section 14 above shall apply to all other issues that arise under state law (without reference to a state's choice of law rules). YOU MAY OPT OUT OF ARBITRATION BY SENDING US WRITTEN NOTICE WITHIN 15 DAYS OF SIGNING THE AGREEMENT STATING THAT YOU WISH TO "OPT OUT OF THE AGREEMENT TO ARBITRATE DISPUTES." THE OPT-OUT NOTICE SHOULD BE SENT TO THE FOLLOWING ADDRESS: LOANPAL, 8781 Sierra College Blvd., Roseville, CA 95661. If you do not opt out, but any part or parts of your agreement to arbitrate are unenforceable then Loanpal and you agree that such specific part or parts shall be of no force or effect and shall be severed, but the remainder of this agreement to arbitrate shall continue in full force and effect. If, however, the entire agreement to arbitrate or your waiver of**

**the right to participate in class, representative or to arbitrate injunctive relief claims is unenforceable then the agreement to arbitrate shall be of no force or effect.**

**JUDICIAL REFERENCE FOR CALIFORNIA BORROWERS. IF THE RESIDENCE IS IN CALIFORNIA AND YOU OPT-OUT OF ARBITRATION, LOANPAL AND YOU AGREE THAT ANY DISPUTES WILL BE RESOLVED IN THE SUPERIOR COURT FOR THE COUNTY IN A GENERAL REFERENCE PURSUANT TO THE CALIFORNIA CODE OF CIVIL PROCEDURE ("CCP"), § 638(a). YOU ACKNOWLEDGE AND AGREE THAT IN A REFERENCE ACTION, ANY DISPUTE WILL BE HEARD BY A REFEREE AND NOT BY A SUPERIOR COURT JUDGE AND JURY AND HEREBY WAIVES HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO HAVE A TRIAL IN FRONT OF A JUDGE AND JURY. The Referee shall be appointed pursuant to CCP § 640 in the absence of agreement on the selection. The Referee shall have the same qualifications as the arbitrator. Upon request, Loanpal will pay your portion of the fees and expenses of the Referee.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, IF THE RESIDENCE IS IN CALIFORNIA AND YOU DO NOT OPT-OUT OF ARBITRATION, YOU MAY SEEK PUBLIC INJUNCTIVE RELIEF IN ARBITRATION TO THE EXTENT PERMITTED BY APPLICABLE LAW. IF, HOWEVER, ARBITRATION IS UNENFORCEABLE, IN WHOLE OR IN PART, THEN LOANPAL AND YOU AGREE THAT SUCH DISPUTES WILL BE RESOLVED IN THE SUPERIOR COURT FOR THE COUNTY IN A GENERAL REFERENCE PURSUANT TO THE CALIFORNIA CODE OF CIVIL PROCEDURE ("CCP"), § 638(a). YOU ACKNOWLEDGE AND AGREE THAT IN A REFERENCE ACTION, ANY DISPUTE WILL BE HEARD BY A REFEREE AND NOT BY A SUPERIOR COURT JUDGE AND JURY AND HEREBY WAIVES HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO HAVE A TRIAL IN FRONT OF A JUDGE AND JURY. The Referee shall be appointed pursuant to CCP § 640 in the absence of agreement on the selection. The Referee shall have the same qualifications as the arbitrator. Upon request, Loanpal will pay your portion of the fees and expenses of either the arbitrator or the Referee, as the case may be, any your portion of any administrative fee that the arbitrator, referee or JAMS may require. Nothing in Section 15 shall prejudice the right of either party to: (a) seek and obtain such provisional relief or remedies as shall otherwise be available judicially pending appointment of the arbitrator or referee (b) bring their Dispute in small claims court on an individual basis, (c) exercise such self-help remedies as are authorized**

**by law or contract, or (d) pursue judicial foreclosure as set forth in Section 9.**

**BY PLACING YOUR INITIALS BELOW THIS NOTICE YOU CERTIFY THAT YOU HAVE READ AND AGREE TO SECTION 15 IN ITS ENTIRETY.  See Exhibit A pages 4 and 5.**

2. On June 25, 2020 Plaintiff filed his Complaint with this Court. Plaintiff alleges that there was damages to his roof due to the installation of the solar panels, that Defendant was in a joint venture with Standard ECO regarding the financing of the solar system, and Defendant failed to repair and guarantee warranties. ***Plaintiff's Original Complaint ¶ 10-13, 20, and 25***. Plaintiff sued Defendant pursuant to the Texas Deceptive Trade Practices—Consumer Protection Action (DTPA) for misrepresentation, breach of warranty, and unconscionable conduct in the selling of the solar panel system. Id., *¶ 30-36*. Plaintiff also sued Defendant for causation of damages, breach of warranty, intention conduct, and requested a declaratory judgment, as well as attorney fees and cost. Id., *¶ 40-49* s a third party lender.

IV.
Arguments and Authorities

A.      Standard for Motion to Compel Arbitration:

     1.      The Standard Under the Federal Arbitration Act:

3. The Federal Arbitration Act, 9 U.S.C. §1 *et seq.* (the "FAA"), governs the enforcement of arbitration agreements and courts must abide by the FAA.  9 U.S.C. §§ 1-2; *Nitro-Lift Techs., L.L.C. v. Howard,* 568, U.S. 17 (2012); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 398 U.S. 395, 402 (1967).  The FAA established a national public policy favoring arbitration.  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011)).  An arbitration agreement is enforceable under the FAA if it is in writing, relates to a commercial … and agreement between the parties to arbitrate a dispute. 9 U.S.C § 1.

4

4. One of the primary purposes of the FAA is to ensure enforcement of private arbitration agreements according to their own terms. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l. Corp.*, 559 U.S. 662, 682 (2010). In determining whether the FAA applies to an arbitration agreement, courts must weigh facts in accordance with the "liberal" policy favoring arbitration. *Nitro-Lift Techs., L.L.C.,* 568, U.S. 17; *Southland Corp. v. Keating*, 465 U.S.1, 10 (1984); *Cecala v. Moore*, 982 F.Supp. 609 (N.D. Ill. 1997). All doubts whether a dispute is arbitrable must be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003); *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775 (10th Cir. 1998). "[T]he preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which the parties [have] entered, a concern which requires that we rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242-43 (1985); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985).

5. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.*" Moses H. Cone Mem'l Hosp, 460 U.S. at 24-25*. "Consequently, "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability.*" Mitsubishi, 473 U.S. at 627 (emphasis added)*.

6. The FAA "leaves no place for the exercise of discretion" if there is a valid, applicable agreement, so arbitration must be compelled even if some claims are subject to arbitration and some are not and the maintenance of separate proceedings may be inefficient. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217-18, 105 S.Ct. 1238, 1241 (1985). The U.S. Supreme Court has explained the importance of enforcing arbitration agreements thusly:

> [A]rbitration is a matter of contract. *See Rent–A–Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2776, 177 L.Ed.2d 403 (2010). And consistent with that text, courts must "rigorously enforce" arbitration agreements according to their terms, *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), including terms that "specify with whom [the parties] choose to arbitrate their disputes," *Stolt–Nielsen, supra*, at 683, 130 S.Ct. 1758, and "the rules under which that arbitration will be conducted," *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2308–09, 186 L. Ed. 2d 417 (2013).

7. In cases where the low threshold is met and the FAA applies, a court has no discretion and must apply the FAA on arbitrability issues; state law may not preclude the enforcement of the arbitration agreement in question. *First Citizens Mun. Corp. v. Pershing Div. of Donaldson, Lufkin & Jenrette Securities Corp.*, 546 F.Supp. 884, 887 (D.C. Ga. 1982). Under U.S. Supreme Court precedents, state laws mooting or limiting contractual agreements to arbitrate must yield to the pro-arbitration public policy set forth in the FAA. *Nitro-Lift Techs., L.L.C.*, 568, U.S. 17; *See Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 116 S.Ct. 1652 (1996) (invalidating a Montana law that required an arbitration provision to be underlined, in caps, and on the first page of a contract to be valid, because such law was in conflict with the FAA).

    2.    <u>Texas Arbitration Act:</u>

8. In Texas whenever the TAA applies the Supremacy Clause will trump the Texas Arbitration Act (TAA). *Marmet Health Care Center, Inc. v. Brown*, 565 U.S. 530 (2012); *In re Nexion Health*, 173 S.W.3d 67 (Tex. 2005). As with the FAA, the TAA requires a court to order parties to arbitrate their claims upon a showing that an agreement to arbitrate the claims exists and is enforceable. Tex. Civ. Prac. & Rem. Code § 171.021. The TAA does not grant a trial court any discretion to refuse to order the parties to arbitration. *In re MHI Partnership, Ltd.*, 7 S.W.3d 918, 923 (Tex. App. – Houston [1st Dist.] 1999, orig. proceeding) (trial court had no authority to defer ruling on motion to compel arbitration pending completion of discovery); cf. *In re Houston Pipe Line Co.*, 311 S.W.3d 449 (Tex. 2009) (pre-arbitration discovery is expressly authorized under the TAA when a trial court cannot fairly and properly make its decision on the motion to compel

arbitration because it lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability). Also like the FAA, the proper procedure after entry of an order referring a dispute to arbitration is to stay the case. Tex. Civ. Prac. & Rem. Code § 171.025.

B.   The Arbitration Agreement is Valid and Enforceable:

9.   Defendants assets that the Texas Civil Practice & Rem. Code Section 171.021 states "A Court shall order the parties to arbitrate on application of a party showing: (1) and agreement to arbitrate, and (2) the opposing party refusal to arbitrate …. Tex. Civ. Prac. & Rem. Code § 171.021.

10.   In this matter, the parties entered into a valid, and enforceable, arbitration agreement on January 17, 2017 titled Loanpal Agreement. 9 U.S.C. §2. The relevant portion of the agreement reads:

> **15.   ARBITRATION AGREEMENT. All claims and disputes arising out of or relating to this Agreement (hereafter, "Dispute(s)") shall be resolved by binding arbitration on an individual basis. The arbitrator shall also decide any issues relating to the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration including unconscionability, or the validity of the jury trial, class action or representative action waivers (collectively, "arbitrability" issues). … YOU MAY OPT OUT OF ARBITRATION BY SENDING US WRITTEN NOTICE WITHIN 15 DAYS OF SIGNING THE AGREEMENT STATING THAT YOU WISH TO "OPT OUT OF THE AGREEMENT TO ARBITRATE DISPUTES." THE OPT-OUT NOTICE SHOULD BE SENT TO THE FOLLOWING ADDRESS: LOANPAL, 8781 Sierra College Blvd., Roseville, CA 95661.**

11.   The AGREEMENT to arbitrate is clear and unambiguous and requires arbitration for all disputes. Federal and Texas state Courts consistently enforce unambiguous contracts according to their plain language. *In re MHI Partnership, Ltd.*, 7 S.W.3d at 923; *In re Houston Pipe Line Co.*, 311 S.W.3d at 449. Defendants asserts that this Court is bound by language in the AGREEMENT because it is clear and free of ambiguity thus should be enforced. Therefore this Court should grant this motion and stay the case pursuant to FAA and TAA and refer the matter to arbitration as the parties agreed. 9 U.S.C. §§§2, 3, 4; Tex. Civ. Prac. & Rem. Code §171.021.

**CONCLUSION AND PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, based upon the foregoing, Defendant hereby respectfully requests this Court compel arbitration of all disputes between the parties and stay this matter.

Respectfully submitted,

LAW OFFICE OF MARKES E. KIRKWOOD P.L.L.C.
2600 McCullough Avenue
San Antonio, Texas 78212
Phone No.: (210) 532-1000
Fax No.: (210) 736-2212 / (210) 532-1000
E-mail Address: kirkwoodmarkes@yahoo.com

By: /s/ *Markes E. Kirkwood*
Markes E. Kirkwood
Attorney at Law
State Bar No. 24032509
Attorney for Defendant: LoanPal LLC,

Certificate of Conference

I, Markes E. Kirkwood, hereby certify that I have not conferred with Plaintiff's attorney, Paxton N. Crew regarding whether Plaintiff will agree to arbitrate this matter because this Attorney became aware of the parties agreement to arbitrate on July 28, 2020. The deadline to file an answer is July 28, 2020. This attorney will forward and e-mail to Mr. Crew along with a copy of this Motion and request that Plaintiff agree to arbitrate. This Attorney will notice the Court of whether Mr. Crew agrees to arbitrate this matter.

/s/ *Markes E. Kirkwood*
MARKES E. KIRKWOOD
Attorney at Law

## CERTIFICATE OF SERVICE

I, Markes E. Kirkwood, certify that on Monday, July 28, 2019, I served a copy of Defendant's, LoanPal LLC, Motion to Compel Arbitration and Motion to Stay Proceedings via e-mail upon Paxton N. Crew attorney for Plaintiff.

/s/ *Markes E. Kirkwood*
MARKES E. KIRKWOOD
Attorney at Law