United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EDWARD ROGERS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00216 |
| | § | |
| STANDARD ECO, LLC, ET AL., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before me is Defendant's 12(b)(6) Motion to Dismiss ("Motion to Dismiss"). *See* Dkt. 17. For the reasons set forth below, the Motion to Dismiss is **DENIED**.

### BACKGROUND

In January 2019, Plaintiff Edward Rogers ("Rogers") purchased a solar panel system for his house from Defendant Standard Eco, LLC ("Standard Eco"). Rogers claims that Standard Eco promised him a net zero electric bill if he purchased the system, but after the system was installed, he received only a *de minimis* energy credit. Rogers further claims that Standard Eco cracked a number of his concrete (terra cotta) roofing tiles during the installation of the solar panel system, which led to water seeping into his home.

There is a written agreement between the parties entitled "Photovoltaic Purchase and Installation Agreement," which sets forth the terms of the purchase and installation of the solar panel system. The agreement contains the following choice-of-law provision: "[a]ll the terms of this agreement shall be interpreted under the laws of the State of Arizona." Dkt. 19-1 at 1.

In his First Amended Complaint, Rogers brings causes of action for breach of contract, breach of warranty, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[1]  Standard Eco has filed a Motion to Dismiss.  The thrust of Standard Eco's motion is that Arizona law applies, and Rogers has failed to plead with particularity causes of action recognized under Arizona law.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal when the opposing party fails to state a claim upon which relief may be granted.  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing such a motion, I must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017).  Because a complaint must be liberally construed in favor of the plaintiff, a motion to dismiss under Rule 12(b)(6) is generally viewed with disfavor and is rarely granted.  *See Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

---

[1] Standard Eco also contends that Rogers has brought separate causes of action for "causation of damages" and "intentional conduct," but that is not the case.  As Rogers notes in his response to the Motion to Dismiss, the portion of the First Amended Complaint addressing "causation of damages" and "intentional conduct" is intended to properly plead the required elements of a DTPA claim, not to assert independent causes of action.

## ANALYSIS

Standard Eco argues that the Arizona choice-of-law provision bars Rogers from pursuing any claims under Texas law. To this end, Standard Eco seeks dismissal of the Texas DTPA claim and an order requiring Rogers to replead with particularity the necessary elements of Arizona's consumer fraud statute. Standard Eco further requests that Rogers be required to replead his breach of contract and breach of warranty claims to set forth necessary elements under Arizona law. Rogers responds that "the very terms of the choice of law provision in this case are limited to . . . Arizona's contract interpretation principles alone," and do not apply to the causes of action he asserts in this lawsuit. Dkt. 19 at 3. For this reason, Rogers believes that he has properly alleged causes of action for breach of contract, breach of warranty, and violations of the DTPA.

The choice-of-law provision at issue in this case is framed narrowly. It simply provides that the terms of the "agreement shall be interpreted under the laws of the State of Arizona." Dkt. 19-1 at 1. On its face, the clause limits Arizona law to the interpretation of the written agreement, nothing more. This is much different from a broadly drafted choice-of-law provision which extends Arizona law to the entirety of the parties' relationship. *See Caton v. Leach Corp.*, 896 F.2d 939, 943 (5th Cir. 1990) (explaining the difference between a narrow choice-of-law clause, which covers only contract interpretation, and a broad choice-of-law clause, which applies the chosen law to the entirety of the parties' relationship).

The Fifth Circuit, district courts within the Fifth Circuit, and Texas courts have repeatedly held that a narrow choice-of-law clause, like the one present here, does not apply

to tort claims and statutory claims. *See, e.g.*, *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003) (clause that read "[a]greement shall be governed by, and construed in accordance with, the internal laws of the State of New York" was unrelated to plaintiff's claims of fraud and negligent misrepresentation because the provision covered only the construction of the contract); *Thompson and Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 433 (5th Cir. 1996) (provision stating that the chosen law applied to the "agreement and its enforcement" did not govern causes of action for negligence, breach of fiduciary duty, and the DTPA); *Caton*, 896 F.2d at 942–43 (interpreting a clause that said "[t]his Agreement shall be construed under the laws of the State of California" narrowly, and finding it inapplicable to tort claims of good faith and fair dealing); *Hoisting Wire Rope & Sling, LLC v. Accu-Tech Comput. Servs.*, No. 2:16-CV-61, 2017 WL 6816502, at *2–3 (S.D. Tex. Dec. 15, 2017) (construing provision that read "agreement shall be interpreted in accordance with the laws of the State of Louisiana" narrowly such that it did not govern tort claims or a statutory claim for violations of the DTPA); *Stier v. Reading & Bates Corp.*, 992 S.W.2d 423, 433 (Tex. 1999) (holding that a choice-of-law provision, which provided that the "agreement shall be interpreted and enforced in accordance with the laws of the State of Texas" applied "only to the interpretation and enforcement of the contractual agreement" and it did "not purport to encompass all disputes between the parties or to encompass tort claims"); *Busse v. Pac. Cattle Feeding Fund # 1, Ltd.*, 896 S.W.2d 807, 812–13 (Tex. App.—Texarkana 1995, writ denied) (narrowly construing a provision that read "agreement and the rights and obligations of the parties arising hereto shall be construed in accordance with the laws of

the State of Iowa" and finding it inapplicable to claims brought under the DTPA, the Texas Securities Act, or the common law).

I see no reason to depart from this well-settled principle. Because the choice-of-law provision at issue here is specifically limited to interpreting the terms of the written agreement under Arizona law, the provision does nothing to limit Rogers's ability to pursue the statutory claims raised in this lawsuit. *See* Dkt. 19 at 3. Rogers is thus free to proceed with a DTPA action.

I view the breach of contract and breach of warranty claims a tad differently. To the extent Rogers's "breach of contract and breach of warranty claims arise from the interpretation of the [written] agreement," I believe that "the choice of law provision, unless found to be unenforceable, applies to those claims." *Hoisting Wire Rope & Sling, LLC*, 2017 WL 6816502, at *3. Although Rogers argues that Texas law applies because the Arizona choice-of-law provision is unenforceable, I need not immerse myself in that legal quagmire today. Regardless of whether Texas law or Arizona law applies to the causes of action for breach of contract and breach of warranty, Rogers's claims survive the motion to dismiss stage. To pass muster under Rule 12(b)(6), a plaintiff must simply allege facts that allow a district court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Here, Rogers easily overcomes this low hurdle. The First Amended Complaint sufficiently alleges the critical elements of a breach of contract claim: the existence of a contract, a breach of the contract, and resulting damages. The First Amended Complaint also sets forth a plausible breach of warranty claim: "Standard Eco made oral and written warranties regarding the suitability of the

5

System, and that it would generate a net-zero electric bill," "Standard Eco further warranted that the System would be installed in a workmanlike manner," and "[t]hese warranties were breached by Standard Eco." Dkt. 11 at 8. Standard Eco claims that it is unable to discern the specifics of the warranty claim. I do not necessarily agree, but the discovery process will surely allow Standard Eco to explore the contours of the claim.

## CONCLUSION

For the reasons stated above, I **DENY** the Motion to Dismiss. Discovery should proceed.

SIGNED this 2nd day of November 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE